SCHMIDT, Respondent, vs. CITY OF MILWAUKEE, imp., Appellant.

*October 28—November 18, 1913*

*Taxation: Action to set aside assessment: Defenses: Payment to certificate holder.*

In an equitable action to set aside illegal special assessment certificates and obtain a reassessment, where plaintiff has paid the amount of the assessment to the city treasurer pursuant to sec. 1210h—1, Stats., the fact that said treasurer has paid the same over to the certificate holder as required by ch. 203, Laws of 1905, is not a defense.    *Marine Co. v. Milwaukee,* 151 Wis. 239, distinguished.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge.    *Affirmed.*

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, and *Clifton Williams,* special assistant city attorney, and oral argument by *Mr. Williams.*

For the respondent there was a brief by *Aarons & Niven,* and oral argument by *C. L. Aarons.*

WINSLOW, C. J.   This is an action to set aside a special assessment for street paving on the ground of illegality.   The plaintiff paid the amount of the assessment to the city treasurer (pursuant to the requirements of sec. 1210$h$—1, Stats.), and the city treasurer turned over the sum so paid to the holder of the special assessment certificate (as required by ch. 203, Laws of 1905).   The city by answer set forth this payment to the certificate holder as a separate defense and a general demurrer thereto was sustained.

This ruling must be affirmed.   This is not an action for money had and received, nor is it an action brought under sec. 1164, Stats., hence the case of *Marine Co. v. Milwaukee,* 151 Wis. 239, 138 N. W. 640, has no application.   It is an action in equity to set aside illegal special assessment certificates and obtain a reassessment.   In such an action the statute specifically provides that if the claim is made that the tax is invalid because of defects going to the validity of the assessment and affecting the groundwork of the tax, the plaintiff shall pay the amount levied as a condition of maintaining the action, and in case a reassessment is ordered and the court determines that the amount which the plaintiff ought justly to have paid is less than the original assessment the plaintiff shall recover judgment for the difference.   Secs. 1210$h$—1 to 1210$h$—4, Stats. 1911.   He is entitled to this judgment regardless of the fact that the treasurer has paid over to the certificate holder the amount previously paid in, hence that fact is entirely irrelevant.   Under these statutes the city is responsible for the illegal portion of the original assessment, not on the ground that it has received money which it ought not in good conscience to keep, but because it

has compelled the plaintiff to pay more than he could justly be compelled to pay, and must respond in damages for its wrongful act.

*By the Court.*—Order affirmed.